UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDON M. KREIER,

Petitioner,

v. Case No. 2:25-cv-951-KCD-KRH

SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent.
_______________________________/

## OPINION AND ORDER

Petitioner Brandon M. Kreier, a Florida state prisoner acting *pro se*, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondent has filed a limited response on behalf of the State, arguing the petition is barred by the statute of limitations, 28 U.S.C. § 2244(d)(1). (Doc. 14.) Kreier has filed a reply. (Doc. 17.) Upon consideration, the Court agrees with Respondent that this action is untimely.

### I. Background

The State of Florida charged Kreier with sexual battery on a child less than 12 years of age, a capital felony under Fla. Stat. § 794.011(2). On October 13, 2015, following a bench trial, the Lee County trial court found Kreier guilty and sentenced him to life imprisonment.

Kreier appealed. On January 24, 2018, the Florida Second District Court of Appeal (Second DCA) entered a *per curiam* affirmance without a written

opinion. *Kreier v. State*, 248 So. 3d 74 (Fla. Dist. Ct. App. 2018); (Doc. 14-2 at 79.) Kreier did not seek further direct review in the Florida Supreme Court or the United States Supreme Court. The Second DCA issued the mandate on February 28, 2018. (Doc. 1 at 2, ¶9(d); Doc. 14-2 at 23, 108.)

On July 13, 2018, Kreier filed a *pro se* motion in the state trial court to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a), challenging the sufficiency of the State's evidence at trial. (Doc. 14-2 at 81–92.) Finding his claim non-cognizable under Rule 3.800(a), the trial court denied the motion on November 30, 2018. (*Id.* at 94–96.) Kreier appealed. (*Id.* at 111.) On September 18, 2019, the Second DCA affirmed in another *per curiam* order. *See Kreier v. State*, 280 So. 3d 469 (Fla. Dist. Ct. App. 2019); (Doc. 14-2 at 120.) The Second DCA issued the mandate on October 22, 2019. (Doc. 14-2 at 122.) Subsequently, on June 25, 2021, the Second DCA issued a second mandate in the case. (*Id.* at 124.) However, on July 26, 2021, the Second DCA recalled that second mandate, acknowledging the first one. (*Id.* at 126; *see also id.* at 205.)

On April 19, 2023, the State moved the trial court to designate Kreier as a "sexual predator" under The Florida Sexual Predators Act, Fla. Stat. § 775.21. (Doc. 13-2 at 128–130.)The trial court granted the motion. (*Id.* at 132–133.) And on May 30, 2023, the court entered an order formally designating Kreier as a sexual predator. (*Id.* at 135.)

On June 23, 2023, Kreier filed a *pro se* "Petition for Writ of Habeas Corpus for Belated [Rule] 3.850 Appeal." (Doc. 14-2 at 137–141.) In support,

Kreier alleged that, "subsequent to [his] direct appeal, [he] retained the service of Appellate Attorney Robert D. Malove." (*Id.* at 138.) Specifically, Kreier claimed he had formally retained Malove on December 28, 2020, with his family paying a retainer, for the purpose of having Malove file a motion for post-conviction relief under Fla. R. Crim. P. 3.850. (*Id.*) Kreier further alleged that he and his family received an email on December 29, 2022, advising, however, that Malove had failed to file a timely Rule 3.850 motion or pursue any other post-conviction motions. (*Id.*) As a result, Kreier claimed, he should be entitled to pursue a "belated" post-conviction motion. (*Id.* at 138–39.)

On December 4, 2023, the circuit court dismissed that application as an untimely motion under Rule 3.850. (Doc. 14-2 at 143–44.) Kreier appealed. (*Id.* at 171–172.) On April 8, 2025, the Florida Sixth District Court of Appeal (Sixth DCA) affirmed without comment. *Kreier v. State*, 412 So. 3d 860 (Fla. Dist. Ct. App. 2025) (table); (Doc. 14-2 at 225.) Kreier moved for rehearing "and/or" a written opinion (Doc. 14-2 at 227–234), which the Sixth DCA denied on May 16, 2025. (*Id.* at 237). The mandate issued on June 4, 2025. (*Id.* at 239.)

Meanwhile, on June 5, 2024, Kreier had filed a second Rule 3.800(a) motion, this time contesting his sexual predator designation. (Doc. 14-2 at 241–244.) On July 16, 2024, the state trial court denied the motion. (*Id.* at 248–250.) Kreier did not appeal.

On October 7, 2025, Kreier presented his federal habeas petition to prison authorities for mailing. (Doc. 1; Doc. 1-2 at 2.) This Court docketed the

petition on October 14, 2025. Kreier first raises several claims based on *Miranda v. Arizona*, 384 U.S. 436 (1966). (*See* Doc. 1 at 5–11, Grounds One through Four.) He also claims there was an error in the state courts with respect to the issuance of an appellate mandate, engendering "confusion" over the timeliness of one or more of his state-court motions for post-conviction relief. (*Id.* at 12.)

On December 5, 2025, this Court issued an order directing the State to show cause why Kreier is not entitled to habeas relief and permitting Kreier to file a reply. (Doc. 7.) On March 6, 2026, the State moved for a 30-day extension. (Doc. 11.) Kreier filed an opposition. (Doc. 12.) On April 7, 2026, the State moved for an additional five-day extension. (Doc. 13.) The next day, the State filed its limited response, arguing that Kreier's § 2254 habeas petition is barred by the statute of limitations, 28 U.S.C. § 2244. (Doc. 14.) On April 20, 2026, Magistrate Judge Frazier entered an order granting the State's motions for an extension of time; acknowledging that the Court would consider the State's limited response filed April 8, 2026; and denying Kreier's request to deny any extension to the State. (Doc. 15.) On May 14, 2026, Kreier filed a reply to the State's limited response.[1] (Doc. 17.)

[1] Kreier's reply is dedicated entirely to arguing that the Court should reconsider or otherwise reject Judge Frazier's order granting the State's motions to extend the time to answer the petition. The Court declines that invitation. Judge Frazier's order is subject to review under a deferential standard that asks only whether it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). But even if review were *de novo*, the Court would not disturb Judge Frazier's order. Suffice it to say that the delay sought by the State was modest, and Kreier has articulated no unfair prejudice he suffered. The Court will also

## II. Discussion

A person in custody pursuant to the judgment of a state court is authorized to petition for a writ of habeas corpus to challenge their confinement as violative of the United States Constitution. 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, establishes a one-year statute of limitations applicable to such habeas petitions. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). No party claims, nor does it otherwise appear, that the triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Kreier's conviction became final under § 2244(d)(1)(A).

---

consider Kreier's reply notwithstanding that he filed it without leave more than 30 days after the State filed its limited response, as authorized by the Court's show cause order.

The limitations period is subject to two kinds of tolling. The first is statutory tolling under 28 U.S.C. § 2244(d)(2), which provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the limitations period under § 2244(d)(1)]." The limitations period is also subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.*

After being convicted and sentenced, Kreier filed a direct appeal. On January 24, 2018, the Second DCA entered a *per curiam* affirmance without a written opinion. Kreier did not seek further direct review. However, because he was eligible to seek review of the Second DCA's order in the United States Supreme Court, his judgment became final under § 2244(d)(1)(A) upon the expiration of the time for seeking such review. *See Bates v. Sec'y, Dep't of Corr.*, 964 F.3d 1326, 1329 (11th Cir. 2020). That deadline expired on April 24, 2018, 90 days after the Second DCA issued its decision. *See id.*; *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275–76 (11th Cir. 2006); Sup. Ct. R. 13.

On July 13, 2018, with 79 days of the one-year federal limitations period having elapsed, Kreier filed a motion in the trial court to correct an illegal sentence under Fla. R. App. R. 3.800(a). The State acknowledges that motion

tolled the limitations period under § 2244(d)(2). *See Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 985 (11th Cir. 2019). It remained tolled until that collateral proceeding was no longer "pending," which occurred when the Second DCA issued its mandate on October 22, 2019, after affirming the trial court's denial of relief. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000). Two Hundred and eighty-six days later, on August 3, 2020, the § 2244(d)(1) limitations period expired, with Kreier having filed no further application for postconviction relief in state court or a petition for a writ of habeas corpus in federal court.[2]

Rather, the next filing was by the State, which, on April 19, 2023, moved the trial court to designate Kreier as a "sexual predator" pursuant to Fla. Stat. § 775.21. That statute provides, upon conviction of certain crimes, including the offense of which Kreier was convicted, an offender "shall be designated as a 'sexual predator,'" § 775.21(4)(a), by Florida courts under enumerated procedures. § 775.21(5). The statute directs Florida courts to make such a designation at sentencing when the defendant is convicted of a qualifying offense. *See* § 775.21(5)(a)2. However, if a court fails to do so when it was

[2] On June 25, 2021, some 20 months after issuing a mandate at the conclusion of Kreier's appeal of the denial of his first Rule 3.800 motion, the Second DCA issued a *second* mandate in the case. However, on July 26, 2021, the Second DCA recalled that second mandate, acknowledging its issuance of the first one. The State argues, and Kreier does not specifically contest, that the date of the first mandate is controlling. The Court agrees. *See Sims v. Hobbs*, No. 5:12CV00043 JLH/BD, 2012 WL 2878129, at *1 n.2 (E.D. Ark. June 20, 2012), *report and recommendation adopted*, 2012 WL 2874239 (E.D. Ark. July 13, 2012). However, even assuming for the sake of argument that tolling under § 2244(d)(2) continued all the way until July 26, 2021, the federal limitations period would have expired on May 9, 2022, without Kreier having filed anything else in state or federal court in between.

supposed to, the court retains jurisdiction to make the designation later. *State v. McKenzie*, 331 So. 3d 666, 671–73 (Fla. 2021). Further, "[t]he imposition of sexual predator status under section 775.21 is related to the underlying criminal offense—but is not itself a sentence or punishment." *Id.* at 673; *see also* § 775.21(3)(d). Rather, the designation imposes non-criminal consequences that include compliance with certain registration and notification requirements. *See* §§ 775.21(6), (7). Here, the state trial court granted the State's motion and entered an order on May 30, 2023, designating Kreier as a "sexual predator."

That is potentially significant because a court's entry of a new sentence for an existing conviction may constitute a new judgment that restarts the § 2244(d)(1)(A) limitations period. *See Cassidy v. Sec'y, Fla. Dep't of Corr.*, 119 F.4th 1336, 1343 (11th Cir. 2024); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1280–81 (11th Cir. 2014). However, the State argues that a Florida trial court's post-sentence "sexual predator" designation does not give rise to a new criminal judgment because such designation is not part of the sentence and does not establish or extend the State's authority for confinement. Kreier does not specifically contest the point, and the Court agrees with the State in any case. *See Collins v. Sec'y, Dep't of Corr.*, No. 8:20-CV-1073-MSS-AAS, 2023 WL 3763739, at *2 n.1 (M.D. Fla. June 1, 2023); *cf. Clements v. Florida*, 59 F.4th 1204, 1217 (11th Cir. 2024) (Florida's registration and reporting requirements for sex offenders did not render petitioner "in custody" for federal

habeas purposes after the expiration of his sentence); *Houston v. Williams*, 547 F.3d 1357, 1364 (11th Cir. 2008) ("[Florida's] sex offender registration statute is not punitive, but rather regulatory, and therefore does not violate the ex post facto clause."). The trial court's post-sentence designation of Kreier as a "sexual predator" had no effect on the federal limitations period.

Kreier did file an application seeking to file a "belated" motion under Fla. R. Crim. P. 3.850 on June 23, 2023, and he filed a second Rule 3.800(a) motion on June 5, 2025. However, those motions were both filed after the federal limitations had already expired. As a result, even if otherwise properly filed under state law, those motions have no tolling effect under § 2244(d)(2), nor could they restart the limitations period. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003). So even accounting for statutory tolling, Kreier's § 2254 petition, deemed filed on October 7, 2025, *see Houston v. Lack*, 487 U.S. 266, 270–72 (1988), would be untimely by more than five years.

Kreier argues, however, that he is also entitled to equitable tolling of the limitations period. (*See* Doc. 1 at 15–16.) Again, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *Pablo San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner "must plead or proffer enough facts that, if true,

would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.*

Kreier raises two arguments in support of equitable tolling. First, he asserts "no mandate issued to the opinion filed by the Clerk so that one may determine the expiration of the time to determine the dates necessary for the final judgment." He suggests that the "erroneous information provided, filed, and not filed, by the Clerk, has made appeals nearly impossible for a *pro se* litigant to properly pursue relief through the confusion of the files documented." Second, Kreier contends his "hired/retained collateral counsel failed to file any post-conviction proceedings in a timely manner, or at all." Neither theory is convincing.

With respect to his claim that no mandate supposedly issued on a state court appeal, it is not entirely clear which appeal(s) Kreier is talking about. The record discloses he pursued three: (1) a direct appeal, (2) an appeal from the denial of his first Rule 3.800(a) motion, and (3) an appeal from the denial of his habeas petition seeking to present a "belated" Rule 3.850 motion. The record further shows, however, that a DCA mandate issued at the conclusion of each. (*See* Doc. 14-2 at 23, 108; (direct appeal); *id.* at 122 (first Rule 3.800 motion); *id.* at 230 (application for "belated" Rule 3.850 motion).) Thus, Kreier's allegation that no appellate mandate issued on one or more of his state court appeals is belied by the record.

Even to the extent Kreier might be vaguely suggesting that he was not served with, or otherwise did not receive, a copy of the mandate on one appeal or another, he does not allege to have been unaware that the DCA had entered substantive decisions rejecting those appeals. Therefore, in the exercise of reasonable diligence he could have ascertained whether and when a mandate was issued for any appeal by contacting the Clerk's Office of the relevant DCA. *See Williams v. Florida*, 221 F. App'x 867, 870–71 (11th Cir. 2007). Kreier does not allege he attempted such contact prior to the expiration of the federal limitations period. That alone defeats this theory of equitable tolling.

In any event, Kreier's allegations also do not support that any failure to enter, or serve him with a copy of, an appellate mandate was an extraordinary circumstance that prevented him from timely filing his § 2254 habeas petition. First, as explained, Kreier's criminal judgment became final for purposes of § 2244(d)(1)(A) upon the expiration of the 90-day period in which he might have timely petitioned for certiorari in the Supreme Court of the United States, which ran from the date of the Second DCA's no-opinion affirmance on direct appeal, not the mandate. *See Bates*, 964 F.3d at 1329; *Chavers*, 468 F.3d at 1275–76; Sup. Ct. R. 13.3. Thus, the mandate on direct appeal was irrelevant to determining the limitations period applicable to Kreier's federal habeas petition under § 2244(d)(1)(A).

Admittedly, there was irregularity related to the mandate on Kreier's appeal related to his first Rule 3.800(a) motion, albeit not for failing to issue a

mandate. Rather, after entering a no-opinion order on September 18, 2019, affirming the trial court's denial of that motion, the Second DCA issued a mandate on October 22, 2019, and then a *second* mandate on June 25, 2021, which was withdrawn on July 26, 2021. (*See* Doc. 14-2 at 120, 122, 124, 126.) However, Kreier does not explain how that caused him to be unable to timely file his federal habeas petition before the § 2244(d)(1)(A) limitations expired on August 3, 2020. The mandate on that appeal has no bearing on either the finality of Kreier's criminal judgment or his deadlines to file any further application for collateral relief in state court. Further, because the second mandate was both issued and recalled after the expiration of the federal limitations period, any confusion that created could not have prevented Kreier from timely filing his federal petition. Finally, Kreier also did not file his state court application for a "belated" Rule 3.850 motion until June 23, 2023, so nothing in those proceedings, including issuance of the mandate on June 4, 2025, could have prevented Kreier from timely filing his federal habeas petition, either.

Kreier's other argument for equitable tolling, based on an alleged failure of retained counsel to file motions for post-conviction relief in state court, fares no better. Kreier does not allege specific facts in his habeas petition or his reply explaining who the attorney was, when he was hired, or under what circumstances. However, it appears Kreier is alluding to the circumstances underlying the claim he pressed in his state habeas petition seeking

permission to file a "belated" Rule 3.850 motion. Kreier there claimed he retained an attorney, Robert Malove, on December 28, 2020, to pursue post-conviction relief under Rule 3.850, but Malove failed to follow through. But even were that true, the one-year limitations period of § 2244(d)(1)(A) had already expired on August 3, 2020. Therefore, any obligation Malove purportedly assumed or breached on or after December 28, 2020, could not have prevented Kreier from timely filing his federal petition.

Kreier has failed to show he is entitled to any period of equitable tolling of the limitations period. Kreier's § 2254 habeas corpus petition thus remains time barred under § 2244(d)(1).[3]

Accordingly, it is **ORDERED**:

1. Petitioner Brandon M. Kreier's petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED WITH PREJUDICE** as untimely under 28 U.S.C. § 2244(d)(1).
2. Krier is **DENIED** a certificate of appealability.[4]
3. The Clerk of the Court is directed to terminate any pending motions, enter judgment, and close this case.

---

[3] A credible showing of actual innocence can overcome the limitations period. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). However, the standard for actual innocence is a demanding one, and Kreier fails to make any such showing.

[4] When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that jurists of reason would find it debatable whether: (1) "the district court was correct in its procedural ruling"; and (2) the petition "states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Kreier has not made this showing and is denied a certificate of appealability.

**ENTERED** in Fort Myers, Florida October 9, 2026.

Kyle C. Dudek
United States District Judge